UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO MUNOZ ALEGRIA,<br><br>               Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>               Respondent. | No. CV 17-4238 PA (FFM)<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

      On April 13, 2016, petitioner Alfonso Munoz Alegria ("petitioner"), a California prisoner, constructively[1] filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "petition"), pursuant to 28 U.S.C. § 2254, in the Eastern District of California. (Dkt. 1.) On June 2, 2017, the matter was transferred to this Court. (Dkt. 6.) The petition challenges petitioner's 2013 conviction in the Superior Court of Riverside County for various crimes.

/ / /

/ / /

---

      [1] A pro se petitioner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). Attached to the petition is a "Proof of Service by Mail" indicating that petitioner submitted the petition to prison authorities for mailing on April 13, 2017.

1.  **LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996). Accordingly, AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001).

Because petitioner has not provided any basis to find otherwise, the Court presumes that Section 2244(d)(1)(A), which governs the start date in most habeas cases, applies here. Section 2244(d)(1)(A) provides that the one-year limitations period "shall run from the latest of . . . the date on which the [petitioner's conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." Where, as here, the challenged judgment was affirmed by the state's highest court, the period of direct review ends either when the petitioner failed to file a *certiorari* petition in the United States Supreme Court and the 90-day period for doing so has expired, or when the Supreme Court has ruled on a filed petition. *See Clay v. United States*, 537 U.S. 522, 527-32 and nn.3-4, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

The California Supreme Court denied petitioner's petition for review on January 13, 2016.[2] Thus, for the purposes of section 2244(d)(1)(A), petitioner's conviction became final on April 12, 2016, ninety days after the California

---

[2] The Court takes judicial notice of Petitioner's state court proceedings as indicated on the California Courts of Appeal official case information website, found at http://appellatecases.courtinfo.ca.gov/index.html. *See Porter v. Ollison*, 620 F.3d 952, 954–55 (9th Cir. 2010) (federal courts may take judicial notice of state court dockets found on the internet).

Supreme Court affirmed his conviction. Accordingly, the one-year limitations period was set to expire on April 12, 2017. *See Patterson*, 251 F.3d at 1245-47. Because petitioner did not initiate the current proceedings until April 13, 2017, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); *See Bell v. Barnes*, 2013 WL 5548621, at *4 (C.D. Cal. Oct. 4, 2013) (citations omitted) (finding that petition filed one day late is untimely).

### 2. STATUTORY TOLLING

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Here, petitioner admits he has never filed a state habeas petition, an admission that California court records confirm. Accordingly, he is not entitled to any statutory tolling and the petition is untimely unless he is entitled to almost one year of equitable tolling.

### 3. EQUITABLE TOLLING

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible and the petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, petitioner has demonstrated neither that any extraordinary circumstances prevented him from filing a timely petition nor that he diligently pursued his right to file. Accordingly, petitioner has not shown that he is entitled to equitable tolling.

### 4. ORDER TO SHOW CAUSE

Under the allegations and facts of the petition, petitioner has not demonstrated that he is entitled to a later start date of the limitations period.

Therefore, and because the petition does not demonstrate any basis for tolling the statute, or for setting aside the one-year limitation, the Court orders petitioner to show cause in writing within thirty (30) days of the date of this order why the petition should not be dismissed as time-barred. If petitioner fails to provide a timely response to this order, the Court will recommend that the petition be dismissed, with prejudice, as time-barred.

IT IS SO ORDERED.

DATE: September 1, 2017

                                          /S/ FREDERICK F. MUMM
                                          FREDERICK F. MUMM
                                          United States Magistrate Judge